# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF LOUISIANA
# MONROE DIVISION

| | | |
|---|---|---|
| **KATIE M. JONES** | * | **CIVIL ACTION NO. 05-1675** |
| **VERSUS** | * | **JUDGE JAMES** |
| **CITY OF FAITH PRISON MINISTRIES** | * | **MAGISTRATE JUDGE HAYES** |

## REPORT AND RECOMMENDATION

Before the undersigned Magistrate Judge, on reference from the District Court, is a Motion to Dismiss for Failure to State a Cause of Action filed by defendant, City of Faith Prison Ministries ("CFPM"). (Document No. 3). Plaintiff, Katie M. Jones ("Jones"), opposes the motion. For reasons stated below, it is recommended that the motion be **GRANTED.**

## BACKGROUND

For purposes of this motion, the following allegations are accepted as true. On July 21, 2004, CFPM, a private entity that operates a correctional facility for the Louisiana Department of Corrections, hired Jones as an employee. Shortly after beginning her employment, Jones noticed multiple practices and activities at the facility that, in her mind, were unsafe and illegal, including denying residents medical treatment, allowing residents to leave the facility unsupervised, and providing inadequate training. On September 27, 2004, CFPM terminated Jones's employment, allegedly because Jones expressed her concerns about the unlawful activities to CFPM's executive administrator and threatened to notify the Louisiana Department of Corrections.

Jones filed this action seeking damages for CFPM's alleged violation of her constitutional rights and under Louisiana's whistleblower statute, La. Rev. Stat. Ann. § 23:967. With respect to her constitutional claims, Jones invoked the Court's jurisdiction under 42 U.S.C. § 1983, alleging

that CFPM "was a state actor and acted toward Plaintiff under color of the statues [sic], ordinances, customs, and usage of the State of Louisiana . . . ." Pl.'s Complaint, ¶ 8.

## LAW AND ANALYSIS

In assessing the merits of a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a court must assume that all factual allegations set forth in the complaint are true, and must construe these facts in the light most favorable to the plaintiff. *United States v. Gaubert*, 499 U.S. 315, 327 (1991). "Despite the liberality of modern rules of pleading, a complaint still must contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." *In re Plywood Antitrust Litig.*, 655 F.2d 627, 641 (5th Cir. 1981), *cert. granted, Weyerhaeuser Co. v. Lyman Lamb Co.*, 456 U.S. 971 (1982), *cert. dismissed*, 462 U.S. 1125 (1983). "While a complaint need not outline all the elements of a claim, the complaint must be comprehensible and specific enough to draw the inference that the elements exist." *Richards v. City of Weatherford*, 145 F.Supp.2d 786, 789 (N.D. Tex.) *aff'd*, 275 F.3d 46 (5th Cir. 2001) (citing *Walker v. South Cent. Bell Tel. Co.*, 904 F.2d 275, 277 (5th Cir. 1990)). If a complaint lacks an allegation regarding an essential element to obtain relief, dismissal should be granted. *Campbell v. City of San Antonio*, 43 F.3d 973, 975 (5th Cir. 1995). Moreover, "conclusory allegations and unwarranted deductions of fact are not admitted as true" for purposes of a motion to dismiss and will not suffice to prevent a motion to dismiss. *Guidry v. Bank of LaPlace*, 954 F2d. 278, 281 (5th Cir. 1992) (quoting *Associated Builders' Inc. v. Alabama Power Co.*, 505 F.2d 97, 100 (5th Cir. 1974)); *see Jefferson v. Lead Indus. Ass'n, Inc.*, 106 F.3d 1245, 1250 (5th Cir. 1997). "The question therefore is whether in the light most favorable to the plaintiff and with every doubt resolved in his behalf, the complaint states any valid claim for relief." *Lowery v. Texas A & M*

*Univ. Sys.*, 117 F.3d 242, 246-7 (5th Cir. 1997).

Section 1983 Claims

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was *committed by a person acting under color of state law*." *West v. Atkins*, 487 U.S. 42, 48 (1988) (emphasis added; citation omitted). Jones alleges that CFPM terminated her employment in response to her complaints about violations at the facility and, therefore, violated her rights secured under the First, Fifth, and Fourteenth Amendments. Pl.'s Complaint, ¶ 3. Thus, the first prong of a claim under section 1983 is satisfied, and the only remaining inquiry is whether Jones has properly alleged that CFPM, a private entity, terminated her employment while acting under color of state law or, in other words, engaged in state action.

Although the United States Supreme Court has repeatedly addressed when a private entity's conduct constitutes state action, its analysis has yielded a number of different approaches.[1] The Fifth Circuit has summarized these approaches as follows:

> The public function test examines whether the private entity performs a function which is exclusively reserved to the State. Under the state compulsion test, a private actor's conduct is attributable to the State when it exerts coercive power over the private entity or provides significant encouragement. The nexus or state action test considers whether the State has inserted itself into a position of interdependence with the private actor such that it was a joint participant in the enterprise. And, under the joint action test, private actors will be considered state actors where they are willful participants in joint action with the State or its agents.

*Cornish v. Correctional Services Corp.*, 402 F.3d 545, 549-50 (5th Cir. 2005) (internal citations

---

[1] It is unsettled whether the labels for the Court's varying approaches are semantical or substantive. In declining to resolve the issue, the Court itself has couched the question as "whether these different tests are actually different in operation or simply different ways of characterizing [this] necessarily fact-bound inquiry . . . ." *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 939 (1982).

3

and quotation marks omitted). Under all of these tests, the focus is narrow; a court must ask whether the specific conduct complained of constitutes state action, and it must not merely accept that state action exists because an entity performs other functions under color of state law. *See Blum v. Yaretsky*, 457 U.S. 991, 1004 (1982) ("Faithful adherence to the 'state action' requirement . . . requires careful attention to the gravamen of the plaintiff's complaint."); *George v. Pacific-CSC Work Furlough*, 91 F.3d 1227, 1230 (9th Cir. 1996) ("An entity may be a state actor for some purposes but not for others.").

As the foregoing case law makes clear, the narrow issue in this case is whether CFPM's decision **as an employer** to terminate Jones constitutes state action. According to the Fifth Circuit's recent decision in *Cornish*, 402 F.3d 545 (5th Cir. 2005), it does not. The facts in *Cornish* are uncannily similar to those of this case:

> Cornish was employed as a correctional officer by Correctional Services Corp. (CSC), a Dallas County, Texas, private corporation which operated a juvenile correctional facility; he reported to CSC's management and state and local authorities CSC's numerous violations in operating the facility[, including failure to provide adequate staffing, medical care, and training]; and his employment was terminated for making these reports.

402 F.3d at 547. Following his termination, Cornish filed an action under section 1983 alleging violations of his rights under the First and Fourteenth Amendments. In reviewing the relevant claims in Cornish's complaint, the Fifth Circuit distinguished between CSC's role as provider of juvenile correctional services, a traditionally exclusive state function, and its role as an employer, a traditionally non-exclusive state function. *Id.* at 550. Based on this distinction, the court concluded that under the public function test, CSC's provision of correctional services did not transform each of its actions, including those as an employer, into state action. *Id.* Similarly, the court concluded that CSC's termination of Cornish's employment did not constitute state action under any of the remaining state action tests. Dallas County did not exert any coercive power

over CSC; it did not willfully participate in CSC's decision; and it did not insert itself into a position of interdependence with CSC. *Id.* at 550-1.

As in *Cornish*, Jones's complaint merely alleges that CFPM was a state actor and acted under color of the statutes, ordinances, customs, and usage of the State of Louisiana because CFPM "houses prisoners for the Louisiana Department of Corrections." *Id.* These allegations are insufficient to establish state action under any of the tests established by the Supreme Court.

For the reasons state above, it is recommended that CPCM's Motion to Dismiss be **GRANTED and Jones's claims under section 1983 be DISMISSED with prejudice.**

<u>State Claims</u>

In addition to invoking the Court's federal question jurisdiction under section 1983 for her constitutional claims, Jones also invoked the Court's supplemental jurisdiction under 28 U.S.C. § 1367 for her state law claims. *See* Pl.'s Complaint, ¶ 4. Because the litigation is in its early stages, and because of the deficiencies in and recommended dismissal of Jones's section 1983 claims, it is recommended that this court decline to exercise jurisdiction over Jones's state law claims and that they be **DISMISSED without prejudice pursuant to 28 U.S.C. §1367(c)(3).**

Under the provisions of 28 U.S.C. §636(b)(1)(C) and FRCP Rule 72(b), the parties have **ten (10) business days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **ten (10) business days** after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the District Judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS**

**REPORT WITHIN TEN (10) BUSINESS DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE AND SIGNED at Monroe, Louisiana, this 6th day of March, 2006.

H:\1983\05-1675.030606.rr.klh.frm

KAREN L. HAYES
U. S. MAGISTRATE JUDGE